IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Omega Honeywood, | ) | |
| | ) | C.A. No.: 7:23-cv-05749-DCC-MGB |
| Plaintiff, | ) | |
| | ) | **ANSWER OF DEFENDANT TO** |
| v. | ) | **PLAINTIFF'S AMENDED** |
| | ) | **COMPLAINT** |
| Spartanburg Community College, | ) | |
| | ) | **(Jury Trial Demanded)** |
| Defendant. | ) | |
| _____ | ) | |

Defendant Spartanburg Community College (SCC), answering the Amended Complaint of Plaintiff, would respectfully allege and show unto this Court as follows:

**FOR A FIRST DEFENSE**

1. Defendant admits the allegations contained in paragraph 1 of Plaintiff's Amended Complaint.

2. In response to the allegations contained in paragraph 2 of Plaintiff's Amended Complaint, Defendant admits that it is a state entity that provides educational services and technical training with campuses in Spartanburg, Gaffney, Duncan, and Union, South Carolina. Defendant further admits that its main campus is in Spartanburg County, South Carolina. Defendant lacks sufficient information to form a belief concerning the truth of the remaining allegations contained in paragraph 2 of Plaintiff's Amended Complaint and, therefore, denies same.

3. In response to the allegations contained in paragraph 3 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff purports to assert claims under Title VII. However, Defendant denies that Plaintiff is entitled to any relief in this Action.

4. In response to the allegations contained in paragraph 4 of Plaintiff's Amended Complaint, Defendant admits that this Court has jurisdiction over this Action and that venue is

1

proper in Spartanburg County, South Carolina. However, Defendant denies that Plaintiff is entitled to any relief in this Action.

5. In response to the allegations contained in paragraph 5 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff was employed by Defendant from on or about October 15, 2014, until on or about September 1, 2020. Defendant denies the remaining allegations contained in paragraph 5 of Plaintiff's Amended Complaint.

6. In response to the allegations contained in paragraph 6 of Plaintiff's Amended Complaint, Defendant admits that during her employment, Plaintiff was the Director of the TRIO Student Support Services program. Defendant further admits that the federal TRIO programs are federal outreach and student services programs designed to identify and provide services for individuals from disadvantaged backgrounds. Defendant denies the remaining allegations contained in paragraph 6 of Plaintiff's Amended Complaint.

7. Defendant denies the allegations contained in paragraph 7 of Plaintiff's Amended Complaint.

8. Defendant admits the allegations contained in paragraph 8 of Plaintiff's Amended Complaint.

9. Defendant denies the allegations contained in paragraph 9 of Plaintiff's Amended Complaint.

10. Defendant denies the allegations contained in paragraph 10 of Plaintiff's Amended Complaint.

11. Defendant denies the allegations contained in paragraph 11 of Plaintiff's Amended Complaint.

12. Defendant denies the allegations contained in paragraph 12 of Plaintiff's Amended Complaint.

13. Defendant denies the allegations contained in paragraph 13 of Plaintiff's Amended Complaint.

14. Defendant denies the allegations contained in paragraph 14 of Plaintiff's Amended Complaint.

15. Defendant denies the allegations contained in paragraph 15 of Plaintiff's Amended Complaint.

16. Defendant denies the allegations contained in paragraph 16 of Plaintiff's Amended Complaint.

17. Defendant denies the allegations contained in paragraph 17 of Plaintiff's Amended Complaint.

18. Defendant denies the allegations contained in paragraph 18 of Plaintiff's Amended Complaint.

19. Defendant denies the allegations contained in paragraph 19 of Plaintiff's Amended Complaint.

20. Defendant denies the allegations contained in paragraph 20 of Plaintiff's Amended Complaint.

21. Defendant denies the allegations contained in paragraph 21 of Plaintiff's Amended Complaint.

22. Defendant denies the allegations contained in paragraph 22 of Plaintiff's Amended Complaint.

23. Defendant lacks sufficient information to form a belief concerning the truth of the allegations contained in paragraph 23 of Plaintiff's Amended Complaint and, therefore, denies same.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiff's Amended Complaint.

25. Defendant denies the allegations contained in paragraph 25 of Plaintiff's Amended Complaint.

26. Defendant denies the allegations contained in paragraph 26 of Plaintiff's Amended Complaint.

27. Defendant denies the allegations contained in paragraph 27 of Plaintiff's Amended Complaint.

28. Defendant denies the allegations contained in paragraph 28 of Plaintiff's Amended Complaint.

29. Defendant denies the allegations contained in paragraph 29 of Plaintiff's Amended Complaint.

30. In response to the allegations contained in paragraph 30 of Plaintiff's Amended Complaint, Defendant admits that Ron Jackson met with Plaintiff on or about November 21, 2019, regarding her unprofessional interaction with member of the grant-writing team. Defendant denies the remaining allegations contained in paragraph 30 of Plaintiff's Amended Complaint.

31. Defendant denies the allegations contained in paragraph 31 of Plaintiff's Amended Complaint.

32. Defendant denies the allegations contained in paragraph 32 of Plaintiff's Amended Complaint.

33.     Defendant lacks sufficient information to form a belief concerning the truth of the allegations contained in paragraph 33 of Plaintiff's Amended Complaint and, therefore, denies same.

34.     In response to the allegations contained in paragraph 34 of Plaintiff's Amended Complaint, Defendant admits that on or about November 21, 2022, Ron Jackson received notification that Plaintiff had departed from the campus seeking medical attention. Defendant denies the remaining allegations contained in paragraph 34 of Plaintiff's Amended Complaint.

35.     In response to the allegations contained in paragraph 35 of Plaintiff's Amended Complaint, Defendant admits that on or about November 21, 2019, Ron Jackson sent an email to Plaintiff concerning her disrespectful behavior during a recent meeting. Defendant denies the remaining allegations contained in paragraph 35 of Plaintiff's Amended Complaint

36.     In response to the allegations contained in paragraph 36 of Plaintiff's Amended Complaint, Defendant admits that on or about Ron Jackson notified Defendant's Human Resources Department that Plaintiff used profanity during a meeting with Plaintiff. Defendant denies the remaining allegations contained in paragraph 36 of Plaintiff's Amended Complaint.

37.     Defendant denies the allegations contained in paragraph 37 of Plaintiff's Amended Complaint.

38.     Defendant denies the allegations contained in paragraph 38 of Plaintiff's Amended Complaint.

39.     In response to the allegations contained in paragraph 39 of Plaintiff's Amended Complaint, Defendant admits that Ron Jackson met with Plaintiff on or about December 12, 2019. Defendant denies the remaining allegations contained in paragraph 39 of Plaintiff's Amended Complaint.

40. In response to the allegations contained in paragraph 40 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff brought Sheniece Hunt with her to the meeting with Ron Jackson on or about December 12, 2019. Defendant denies the remaining allegations contained in paragraph 40 of Plaintiff's Amended Complaint.

41. Defendant denies the allegations contained in paragraph 41 of Plaintiff's Amended Complaint.

42. Defendant denies the allegations contained in paragraph 42 of Plaintiff's Amended Complaint.

43. Defendant denies the allegations contained in paragraph 43 of Plaintiff's Amended Complaint.

44. Defendant denies the allegations contained in paragraph 44 of Plaintiff's Amended Complaint.

45. Defendant denies the allegations contained in paragraph 45 of Plaintiff's Amended Complaint.

46. In response to the allegations contained in paragraph 46 of Plaintiff's Amended Complaint, Defendant admits that on or about December 12, 2019, Plaintiff had a meeting with Rick Teal. Defendant further admits that during this meeting, Plaintiff made allegations and raised complaints about Ron Jackson; however, she did not make any complaints or allegations suggesting that Ron Jackson sexually harassed her. Defendant denies the remaining allegations contained in paragraph 46 of Plaintiff's Amended Complaint.

47. In response to the allegations contained in paragraph 47 of Plaintiff's Amended Complaint, Defendant admits that on or about December 12, 2019, Plaintiff had a meeting with Rick Teal. Defendant further admits that during this meeting, Plaintiff made allegations and raised

complaints about Ron Jackson; however, she did not make any complaints or allegations suggesting that Ron Jackson sexually harassed her. Defendant denies the remaining allegations contained in paragraph 47 of Plaintiff's Amended Complaint.

48. Defendant denies the allegations contained in paragraph 48 of Plaintiff's Amended Complaint.

49. Defendant denies the allegations contained in paragraph 49 of Plaintiff's Amended Complaint.

50. Defendant denies the allegations contained in paragraph 50 of Plaintiff's Amended Complaint.

51. Defendant denies the allegations contained in paragraph 51 of Plaintiff's Amended Complaint.

52. Defendant denies the allegations contained in paragraph 52 of Plaintiff's Amended Complaint.

53. Defendant denies the allegations contained in paragraph 53 of Plaintiff's Amended Complaint.

54. Defendant denies the allegations contained in paragraph 54 of Plaintiff's Amended Complaint.

55. Defendant denies the allegations contained in paragraph 55 of Plaintiff's Amended Complaint.

56. Defendant denies the allegations contained in paragraph 56 of Plaintiff's Amended Complaint.

57. Defendant denies the allegations contained in paragraph 57 of Plaintiff's Amended Complaint.

58. Defendant denies the allegations contained in paragraph 58 of Plaintiff's Amended Complaint.

59. In response to the allegations contained in paragraph 59 of Plaintiff's Amended Complaint, Defendant admits that Ron Jackson scheduled a meeting with Plaintiff for on or about August 31, 2020, to discuss and provide Plaintiff with written discipline. Defendant denies the remaining allegations contained in paragraph 59 of Plaintiff's Amended Complaint.

60. Defendant denies the allegations contained in paragraph 60 of Plaintiff's Amended Complaint.

61. In response to the allegations contained in paragraph 61 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff requested that a third party be present during the meeting. Defendant denies the remaining allegations contained in paragraph 61 of Plaintiff's Amended Complaint.

62. In response to the allegations contained in paragraph 62 of Plaintiff's Amended Complaint, Defendant admits that Ron Jackson requested that Tameka Whittenberg attend the meeting. Defendant denies the remaining allegations contained in paragraph 62 of Plaintiff's Amended Complaint.

63. In response to the allegations contained in paragraph 63 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff requested that the meeting be conducted by video conference. Defendant denies the remaining allegations contained in paragraph 63 of Plaintiff's Amended Complaint.

64. In response to the allegations contained in paragraph 64 of Plaintiff's Amended Complaint, Defendant admits that Ron Jackson notified Plaintiff that the meeting would not be

conducted by video conference. Defendant denies the remaining allegations contained in paragraph 64 of Plaintiff's Amended Complaint.

65. In response to the allegations contained in paragraph 65 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff did not attend the meeting on or about August 21, 2020. Defendant denies the remaining allegations contained in paragraph 65 of Plaintiff's Complaint.

66. In response to the allegations contained in paragraph 66 of Plaintiff's Amended Complaint, Defendant admits that on or about September 1, 2020, Rick Teal and Ron Jackson met with Plaintiff and terminated her employment with Defendant. Defendant denies the remaining allegations contained in paragraph 66 of Plaintiff's Amended Complaint.

67. Defendant lacks sufficient information to form a belief concerning the truth of the allegations contained in paragraph 67 of Plaintiff's Amended Complaint and, therefore, denies same.

68. In response to the allegations contained in paragraph 68 of Plaintiff's Amended Complaint, Defendant admits that Ron Jackson and Rick Teal notified Plaintiff that her employment with Defendant was being terminated. Defendant denies the remaining allegations contained in paragraph 68 of Plaintiff's Amended Complaint.

69. Defendant denies the allegations contained in paragraph 69 of Plaintiff's Amended Complaint.

70. In response to the allegations contained in paragraph 70 of Plaintiff's Amended Complaint, Defendant admits that on or about September 1, 2020, Defendant issued a letter to Plaintiff relating to the termination of her employment. Defendant denies the remaining allegations contained in paragraph 70 of Plaintiff's Amended Complaint.

71. In response to the allegations contained in paragraph 71 of Plaintiff's Amended Complaint, Defendant admits that it provided information to the South Carolina Department of Employment and Workforce concerning the termination of Plaintiff's employment. Defendant denies the remaining allegations contained in paragraph 71 of Plaintiff's Amended Complaint

72. In response to the allegations contained in paragraph 72 of Plaintiff's Amended Complaint, Defendant admits that it provided information to the Equal Employment Opportunity Commission concerning the termination of Plaintiff's employment. Defendant denies the remaining allegations contained in paragraph 72 of Plaintiff's Amended Complaint

73. Defendant denies the allegations contained in paragraph 73 of Plaintiff's Amended Complaint.

74. To the extent that the allegations contained in paragraph 74 of Plaintiff's Amended Complaint require a response, they are denied.

75. In response to the allegations contained in paragraph 75 of the Amended Complaint, Defendant admits that Plaintiff is female and that females are protected from gender discrimination. Defendant denies the remaining allegations contained in paragraph 75 of Plaintiff's Amended Complaint.

76. Defendant denies the allegations contained in paragraph 76 of Plaintiff's Amended Complaint.

77. Defendant denies the allegations contained in paragraph 77 of Plaintiff's Amended Complaint.

78. Defendant denies the allegations contained in paragraph 78 of Plaintiff's Amended Complaint.

79. Defendant denies the allegations contained in paragraph 79 of Plaintiff's Amended Complaint.

80. Defendant denies the allegations contained in paragraph 80 of Plaintiff's Amended Complaint.

81. Defendant denies the allegations contained in paragraph 81 of Plaintiff's Amended Complaint.

82. Defendant denies the allegations contained in paragraph 82 of Plaintiff's Amended Complaint.

83. Defendant denies the allegations contained in paragraph 83 of Plaintiff's Amended Complaint.

84. Defendant denies the allegations contained in paragraph 84 of Plaintiff's Amended Complaint.

85. Defendant denies the allegations contained in paragraph 85 of Plaintiff's Amended Complaint.

86. Defendant denies the allegations contained in paragraph 86 of Plaintiff's Amended Complaint.

87. To the extent that the allegations contained in paragraph 87 of Plaintiff's Amended Complaint require a response, they are denied.

88. In response to the allegations contained in paragraph 88 of the Amended Complaint, Defendant admits that Plaintiff is female and that females are protected from gender discrimination. Defendant denies the remaining allegations contained in paragraph 88 of Plaintiff's Amended Complaint.

89. Defendant denies the allegations contained in paragraph 89 of Plaintiff's Amended Complaint.

90. Defendant denies the allegations contained in paragraph 90 of Plaintiff's Amended Complaint.

91. Defendant denies the allegations contained in paragraph 91 of Plaintiff's Amended Complaint.

92. Defendant denies the allegations contained in paragraph 92 of Plaintiff's Amended Complaint.

93. Defendant denies the allegations contained in paragraph 93 of Plaintiff's Amended Complaint.

94. Defendant denies the allegations contained in paragraph 94 of Plaintiff's Amended Complaint.

95. Defendant denies the allegations contained in paragraph 95 of Plaintiff's Amended Complaint.

96. In response to the allegations contained in paragraph 96 of the Amended Complaint, Defendant admits that Plaintiff is female and that females are protected from gender discrimination. Defendant denies the remaining allegations contained in paragraph 96 of Plaintiff's Amended Complaint.

97. Defendant denies the allegations contained in paragraph 97 of Plaintiff's Amended Complaint.

98. Defendant denies the allegations contained in paragraph 98 of Plaintiff's Amended Complaint.

99. Defendant denies the allegations contained in paragraph 99 of Plaintiff's Amended Complaint.

100. Defendant denies the allegations contained in paragraph 100 of Plaintiff's Amended Complaint.

101. Defendant denies the allegations contained in paragraph 101 of Plaintiff's Amended Complaint.

102. Defendant denies the allegations contained in paragraph 102 of Plaintiff's Amended Complaint.

103. Defendant denies the allegations contained in paragraph 103 of Plaintiff's Amended Complaint.

104. Defendant denies the allegations contained in paragraph 104 of Plaintiff's Amended Complaint.

105. Defendant denies the allegations contained in paragraph 105 of Plaintiff's Amended Complaint.

106. Defendant denies the allegations contained in paragraph 106 of Plaintiff's Amended Complaint.

107. To the extent that the allegations contained in paragraph 107 of Plaintiff's Amended Complaint require a response, they are denied.

108. The allegations contained in paragraph 108 of Plaintiff's Amended Complaint are legal conclusions to which no response is required.

109. Defendant denies the allegations contained in paragraph 109 of Plaintiff's Amended Complaint.

110. Defendant denies the allegations contained in paragraph 110 of Plaintiff's Amended Complaint.

111. Defendant denies the allegations contained in paragraph 111 of Plaintiff's Amended Complaint.

112. Defendant denies the allegations contained in paragraph 112 of Plaintiff's Amended Complaint.

113. Defendant denies the allegations contained in paragraph 113 of Plaintiff's Amended Complaint.

114. Except as specifically admitted hereinabove, Defendant denies each and every allegation contained in the Amended Complaint.

## FOR A SECOND DEFENSE

115. Defendant incorporates herein the allegations of its first defense that are consistent with this defense.

116. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and must be dismissed.

## FOR A THIRD DEFENSE

117. Defendant incorporates herein the allegations of its first defense that are consistent with this defense.

118. Plaintiff has failed to mitigate her damages and Defendant pleads failure to mitigate as a defense.

## FOR A FOURTH DEFENSE

119. Defendant incorporates herein the allegations of its first defense that are consistent with this defense.

120. Defendant's actions complied with all relevant and applicable laws and were based upon legitimate non-retaliatory, non-discriminatory, non-pretextual reasons.

### FOR A FIFTH DEFENSE

121. Defendant incorporates herein the allegations of its first defense that are consistent with this defense.

122. There is no causal connection between any alleged protected activity of Plaintiff and any alleged adverse employment action taken by Defendant.

### FOR A SIXTH DEFENSE

123. Defendant incorporates herein the allegations of its first defense that are consistent with this defense.

124. Plaintiff's claims are barred by the applicable statute of limitations and/or administrative filing periods.

### FOR A SEVENTH DEFENSE

125. Defendant incorporates herein the allegations of its first defense that are consistent with this defense.

126. Plaintiff's claims are barred for failure to exhaust administrative remedies to the extent that allegations contained in the Complaint exceed the scope of the underlying charge(s) of discrimination and Plaintiff failed to timely and properly file charges.

### FOR AN EIGHTH DEFENSE

127. Defendant incorporates herein the allegations of its first defense that are consistent with this defense.

128. Plaintiff cannot establish a prima facie case of discrimination, retaliation, hostile work environment, or quid pro quo harassment under any of the statutes identified in the Amended Complaint.

## FOR A NINTH DEFENSE

129. Defendant incorporates herein the allegations of its first defense that are consistent with this defense.

130. Defendant adopted and disseminated appropriate and effective anti-discrimination and harassment policies.

131. Plaintiff failed to timely avail herself of the protections of such policies.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendant Spartanburg Community College submits that same should be dismissed with costs and for such further and other relief as this Court shall deem just and proper.

s/Stephanie H. Burton
Stephanie H. Burton (#5009)
GIBBES BURTON, LLC
308 East Saint John Street
Spartanburg, SC 29302
sburton@gibbesburton.com
Telephone: (864) 327-5000
Facsimile: (864) 342-6884

*Attorneys for Defendant Spartanburg Community College*

December 1, 2023

**DEFENDANT SPARTANBURG COMMUNITY COLLEGE DEMANDS A TRIAL BY JURY**